UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| LINDA S. NOLAN and LARRY D. NOLAN, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 6: 05-117-DCR ) ) |
| V. | ) ) **MEMORANDUM OPINION** |
| WAL-MART STORES EAST, LP, | ) **AND ORDER** ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiff's motion for summary judgment. [Record No. 8] Because there are no material issues of fact with respect to the underlying issue of the Defendant's liability, the Court will grant Plaintiff Linda Nolan's motion regarding the issue of the Defendant's negligence. The motion will be denied in all other respects.

### I.   BACKGROUND

On November 19, 2003, Plaintiff Linda Nolan was a customer at Wal-Mart Stores, Inc. ("Wal-Mart"), in Monticello, Kentucky. On that date, Diana Sanders, an employee of Wal-Mart, was working on a shelf that was several feet high and dropped a box of Christmas ornaments on the Plaintiff's head. As a result, Linda Nolan and her husband, Larry Nolan, filed suit against Wal-Mart in Wayne Circuit Court on March 12, 2004. Subsequently, Wal-Mart removed this action to this Court. Plaintiff Linda Nolan seeks damages for pain and suffering, medical expenses, lost wages and permanent impairment of her ability to earn money. Plaintiff Larry Nolan seeks damages for loss of consortium.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002). Once the movant has satisfied this burden, the non-moving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to demonstrate that there is a genuine issue of material fact. *Id*.; *Celotex*, 477 U.S. at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). The nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact. *Id.* In determining whether there are any genuine issues of material fact, the Court must review all

the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### III. LEGAL ANALYSIS

The Plaintiffs have moved for summary judgment in their favor, arguing that there are no genuine issues of material fact. Wal-Mart has opposed this motion stating that Plaintiff Linda Nolan's comparative fault is an unresolved factual issue and that there are other material factual issues regarding the Plaintiff's damage claims. With respect to the issue of comparative negligence, the Defendant argues that Plaintiff Linda Nolan failed to exercise ordinary care for her own safety and, therefore, the jury must determine the amount of fault that should be allocated to her. Although Wal-Mart admits to having some liability for the accident, it alleges that the Plaintiffs are not entitled to summary judgment.

Kentucky courts have adopted comparative fault as a means of apportioning damages in tort cases. *Hilen v. Hays*, 673 S.W.2d 713 (Ky. 1984). Specifically, Kentucky has adopted pure comparative negligence, which permits the apportionment of damages between a plaintiff and a defendant according to the degree of fault. Under this system, a plaintiff is not precluded from recovery because of his or her contributory fault; rather "he [or she] may recover regardless of whether his fault is equal to or greater than tha[t] of the defendant(s)." *Id*. at 719. Under Kentucky law, a plaintiff is contributorily negligent if he does not exercise the degree of care that an ordinarily prudent person would exercise in similar circumstances for his own safety. *See e.g., Ingersoll-Rand Co. v. Rice*, 775 S.W.2d 924 (Ky. Ct. App. 1989). The burden of proving

contributory negligence is on the defendants. *Howard v. Howard,* 607 S.W.2d 119 (Ky. Ct. App. 1980).

In this case, Wal-Mart has admitted *some* liability for the accident in issue. Notably, in its response to the Plaintiff's motion for summary judgment, Wal-Mart "concedes liability for the accident in this case." [Record No. 9, p. 5] However, it contends that the Plaintiff's own negligence contributed to the accident and that the issue of "comparative fault must be left open until the close of proof." [Record No. 9, p. 2] By admitting some liability, Wal-Mart has conceded that it is at least partially responsible for the Plaintiff's injuries. Thus, the Court finds that the Plaintiff Linda Nolan is entitled to summary judgment on her negligence claim. Nevertheless, the issue of whether the Plaintiff was contributorily negligent will remain for resolution by the jury. Under the comparative analysis, the jury must apportion fault between the Plaintiffs and the Defendant and determine the amount of damages the Plaintiffs have suffered. Inasmuch as there are issues of material fact with respect to the amount as well as the Plaintiff Linda Nolan's contribution to her alleged injuries, those claims should properly remain for resolution by a jury.

### IV. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that the Plaintiff's motion for summary judgment [Record No. 8] is **GRANTED**, in part, consistent with this Memorandum Opinion and Order.

This 3rd day of February, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge