UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| LINDA S. NOLAN and LARRY D. NOLAN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| V. | ) ) |
| WAL-MART STORES EAST, LP, | ) ) ) |
| Defendant. | ) |

Civil Action No. 6: 05-117-DCR

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of several motions, including Defendant Wal-Mart's motion to exclude evidence of Plaintiff Larry Nolan's loss of consortium claim. [Record No. 32] After reviewing the Plaintiffs' Response [Record No. 39] and the Defendant's Reply [Record No. 44], the Court concludes that the Plaintiff should not be precluded from presenting evidence and testimony at trial concerning this claim. It should be noted, however, that the extent of this claim may be limited by the admissions made by Mr. Nolan during his deposition.

**BACKGROUND AND ANALYSIS**

On November 19, 2003, Plaintiff Linda Nolan was a customer at Wal-Mart Stores, Inc. ("Wal-Mart"), in Monticello, Kentucky. On that date, Diana Sanders, an employee of Wal-Mart, was working on a shelf that was several feet high and dropped a relatively small box of Christmas ornaments on Mrs. Nolan's head. As a result, Linda Nolan and her husband, Larry Nolan, filed suit against Wal-Mart.

In addition to Linda Nolan's claims for pain and suffering, medical expenses, lost wages and permanent impairment of her ability to earn money, Larry Nolan seeks to recover for loss of consortium. During his deposition, however, Larry Nolan acknowledged that he had not read the Complaint and did not know that he had asserted personal claims against Wal-Mart as a result of the accident. [*See* Deposition of Larry Nolan; Record No. 30, p. 36] And when asked if he intended to assert claims regarding the lost sexual relations with his wife, he stated that he did not intend to do so. [*Id.* at pp. 36-37] However, in response to a follow-up question, Mr. Nolan explained that his sexual relationship with his wife could have been affected as a result of the headaches she claims to have experienced following the accident.

> Q.  Cause it sounds to me like from what you're telling me that your duties have pretty much stayed the same with Mrs. Nolan. You've been more concerned about her and tended to some needs early on, but . . . ?
>
> A.  Well if you know you're talking about sexual, you know . . . if your spouse has got a headache you don't have sexual relations you know. That could happen yes. But as far as far as knowing I was suing them for that no I can't answer.

[*Id.*, p. 37]

After acknowledging that he had not lost the companionship of his wife, Mr. Nolan was asked to explain the basis of his claim.

> Q.  Can you tell me what you're making a claim for, you personally? I know you and your wife are in this together, but I want to know why you're making a claim against my client?

> A. Because I'm her partner. She's part of my life. You know if she's hurt, I'm hurt you know. It's just that way you know.
>
> Q. You're hurting because of what she's going through is that fair to say?
>
> A. Right. I don't like to see her suffer.
>
> Q. But otherwise other than hurting because of what she's going through, you have not been put out by having additional duties around the house, things of that nature?
>
> A. No.

[*Id.*, at p. 39]. Based on these sworn statements, Wal-Mart seeks to preclude any conflicting testimony in support of Mr. Nolan's claims of loss of consortium.

In opposing this motion, the Plaintiffs assert that the Defendant is, in reality, seeking summary judgment but doing so after expiration of the deadline for seeking such relief. Next, they argue that a claim for loss of consortium includes more than the items Mr. Nolan has admitted is not being sought in the action. Instead, they assert that this claim could include" the loss of domestic tranquility, attention and performance as well as the services, assistance, [and] society [as well as the] conjugal relationship between husband and wife." [Record No. 39, p. 1] They point out that, notwithstanding Mr. Nolan's concessions, he did testify to other items that could be considered in connection with the loss of consortium claim. (*Id.*, at pp. 31, 39, 44). Further, they claim that these items will be further explained during the upcoming trial.

In its reply to the first argument, Wal-Mart explains that it is not seeking summary judgment, but merely seeking to exclude testimony because Mr. Nolan's testimony establishes

that his relationship with his wife has actually improved as a result of the accident. Thus, conflicting testimony should not be allowed at trial.

Having reviewed the relevant portions of Plaintiff Larry Nolan's deposition transcript, the Court concludes that, while the Plaintiff has acknowledged that he is not seeking to recover for *some* items that would otherwise be included in a loss of consortium claim, he should not be precluded from offering testimony and other evidence concerning *other* items that could form the basis for recovery. As the parties have acknowledged, a claim for loss of consortium includes recovery for the loss of domestic tranquility, attention, and performance of household duties as well as the loss of services, assistance, aid, society, companionship and conjugal relationship between husband and wife. *See McGuire v. East Ky. Beverage Co.*, 238 S.W.2d 1020, 1022 (Ky. 1951); K.R.S. § 411.145. Further, the fact that the Nolans may be closer now as a result of the accident does not prevent Mr. Nolan's from seeking to recover for temporary losses under this theory.

Accordingly, it is hereby **ORDERED** that the Defendant's motion in limine to exclude evidence of Plaintiff Larry Nolan's loss of consortium is **DENIED**.

This 10th day of August, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge