UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| LINDA S. NOLAN and LARRY D. NOLAN, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 6: 05-117-DCR ) ) |
| V. | ) ) **MEMORANDUM OPINION** |
| WAL-MART STORES EAST, LP, | ) **AND ORDER** ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is currently scheduled for a bench trial beginning August 29, 2006. In anticipation of trial, Defendant Wal-Mart Stores East, LP ("Wal-Mart") has moved in limine to exclude a number of proposed exhibits. The matter has now been fully briefed and is ripe for review. For the reasons discussed below, the motion will be denied.

As an initial matter, Wal-Mart asserts that the medical records which have been pre-marked as Plaintiffs' Exhibits 1-6 have not been properly authenticated and, therefore, should be excluded. In addition, it asserts that these records contain inadmissible hearsay. Wal-Mart also claims that these documents and Exhibit 7 also refer to insurance and should be excluded under Rule 411 of the Federal Rules of Evidence.

Wal-Mart also argues that the Plaintiffs' proposed medical records (other than those from Dr. Tucker and Dr. Schneider) must be excluded because the Plaintiffs cannot establish a causal relationship between the medical expenses outlined in these documents and the alleged injury and damage which are the subject of this action. According to Wal-Mart, because the cost of

medical care is not within the common knowledge of a layman and involves technical matters, expert testimony is required to prove the cost of such care.  Further, it contends that unless it is shown that these expenses are reasonable and necessary, evidence of the expenses should not be allowed.  Of the $11,294.64 in medical expenses reflected on the medical records, Wal-Mart claims that all but $5,084.86 must be excluded for these reasons.  As an alternate argument, Wal-Mart asserts that if evidence of these medical expenses is allowed, it should be limited to only those expenses relating to the treatment of Plaintiff Linda Nolan's headaches.

Next, Wal-Mart contends that medical records concerning Dr. Thomas Abell's treatment of Linda Nolan should be excluded because these records have not been properly authenticated and Dr. Abell has not been listed as a trial witness.  Wal-Mart also points out that the Plaintiffs have not identified Dr. Abell as an expert witness and, therefore, he may not offer conclusions through these records that Ms. Nolan's headaches are causally related to the injury she allegedly suffered at it store.  Any such testimony, therefore, would violate Rule 16 of the Federal Rules of Civil Procedure.  In addition to the foregoing arguments, Wal-Mart also objects to the introduction of Exhibits 1-6 because several pages are illegible and incomplete.

In response to the Defendant's motion, Plaintiffs acknowledge that, if the Defendant persists in its objections to the subject medical records, it will be necessary to obtain certified copies in compliance with Rules 902 and 803(6) of the Federal Rules of Evidence.  However, it contends that the materials are not too voluminous and should not be excluded for the other reasons asserted in the motion in limine.  And while the Plaintiffs agree that references to

insurance should be excluded, it points out that redaction should not be required for the upcoming bench trial as the Court is able to ignore any such references.

The Plaintiffs also take issue with the Defendant's assertions that expert testimony is required to prove medical expenses, citing *Townsend v. Stamper*, 398 S.W.2d 45 (Ky. 1965). Instead, they state that a prima facie case of reasonableness is established if testimony is presented that the expenses were incurred incident to treatment of the injuries allegedly sustained. *Cincinnati Insurance Company v. Samples*, 192 S.W.3d 311 (Ky. 2006). They also represent that, before attempting to offer the medical bills into evidence, they will introduce testimony that the expenses are related to the incident in question. As to the expenses and bills related to the treatment provided by Dr. Abell, the Plaintiffs argue that his opinions should not be excluded because he is a treating – as opposed to testifying – expert.

Having reviewed the parties' arguments with respect to the Plaintiffs' proposed exhibits, the Court is not inclined to exclude any at this time. However, the Plaintiff will be required to properly authenticate the subject medical records prior to their admission. Further, the Plaintiffs will not be permitted to offer expert testimony unless the prospective witness has been properly identified and information and reports provided pursuant to the Court's Scheduling Order.

With respect to references to insurance, the Court believes that it can disregard any improper references under Rule 411 of the Federal Rules of Evidence. Thus, redaction should not be necessary. In denying the Defendant's motion, the parties should not assume that the Court finds that the expenses outlined in the subject documents are reasonable, necessarily incurred, or causally related to the incident in question. At this stage of the proceedings, the

Court has not reached any conclusions with respect to these issues. The Court also notes that questions concerning illegible documents or documents with missing pages can be better addressed at trial. Accordingly, it is hereby

**ORDERED** that the Defendant's motion in limine to exclude certain exhibits [Record No. 31] is **DENIED**.

This 10th day of August, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge